734 S.E.2d 873

**In the Matter of Patrick James Thomas KELLEY, Respondent.**

Appellate Case No.2012–212834.

No. 27178.

Supreme Court of South Carolina.

Submitted Sept. 11, 2012.

Decided Oct. 10, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Patrick James Thomas Kelley, of Bluffton, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

### *Facts*

Respondent failed to comply with the Regulations for Mandatory Continuing Legal Education and Specialization for Judges and Active Members of the South Carolina Bar for the 2011 calendar year in violation of Rule 408, SCACR, and Rule 419(a), SCACR. The South Carolina Commission on Continuing Legal Education and Specialization notified respondent of his noncompliance by mail dated March 15, 2012, and by email dated March 20, 2012. On March 31, 2012, respondent was automatically suspended from the practice of law pursuant to Rule 419(c), SCACR. The South Carolina Commission on Continuing Legal Education and Specialization notified re-

spondent of his suspension from the practice of law by certified mail dated April 3, 2012.[1]

On April 18, 2012, while suspended from the practice of law, respondent submitted pleadings and documents as attorney for the personal representative of an estate in a matter filed in the Beaufort County Probate Court. On April 19, 2012, respondent signed correspondence to the judge and opposing counsel in the same matter.

On April 30, 2012, respondent's administrative suspension was lifted after he complied with Rule 408, SCACR, and Rule 419, SCACR.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.5(a) (lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction) and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits he has violated the following Rule for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### *Conclusion*

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

1. This is not the first time respondent has been suspended for failure to comply with continuing legal education requirements. In April 2009, the South Carolina Commission on Continuing Legal Education and Specialization administratively suspended respondent for failing to comply with continuing legal education requirements; he was reinstated in May 2009. The South Carolina Commission on Continuing Legal Education and Specialization again administratively suspended respondent in April 2010 for failure to comply with continuing legal education requirements; he was reinstated later the same month.